IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

REGINA R. WIMS,

    Plaintiff,

v.                                           CASE NO. 1:21-cv-100-AW-GRJ

ST. PATRICK INTERPARISH
SCHOOL, et al.,

    Defendants.
_____/

## **ORDER**

    Pending before the Court is Defendant Pamela Diaz's Motion to Stay Discovery Pending Resolution of Dispositive Motion to Dismiss. ECF No. 37. Plaintiff has not filed a response and the time for doing so has passed.

    Defendant, Pamela Diaz, requests the Court to enter an order staying discovery until the resolution of Ms. Diaz's motion to dismiss. For the reasons discussed below the motion is due to be granted.

    Presently pending before the Court are the Defendants' motions to dismiss Plaintiff's Second Amended Complaint. Plaintiff has not responded to the motions to dismiss, and in a separate order denying Plaintiff's Motion for Leave to File an Amended Complaint, the Court granted Plaintiff additional time to file a response to the pending motions to dismiss.

1

Resolution of the motions to dismiss could be dispositive of the claims in this case or at a minimum could substantially reduce the scope of the claims in this case. Currently, Plaintiff has asserted claims against thirteen (13) defendants in ten (10) counts in the amended complaint. Although no scheduling order has been entered and no discovery has been initiated, the Court agrees that it is appropriate to stay the initiation of any discovery until after the Court has ruled on the pending motions to dismiss and until after the parties have conducted a Rule 26(f) conference.

    The Court has broad discretion to manage cases before it, which includes pretrial matters such as discovery. Because the claims raised in the amended complaint are broad and extend to multiple parties, if discovery was initiated at this juncture before the Court has had an opportunity to determine whether this case will proceed further or, if so, the scope of the claims in this case, discovery could result in an undue burden and expense, which does not benefit the Plaintiff or any of the Defendants.

    There is ample support in the Eleventh Circuit for staying discovery pending resolution of a motion to dismiss. *See, e.g. Chudasama v. Mazda Motor Corp.,* 123 F. 3d 1353, 1367 (11th Cir. 1997)(finding that stay of discovery appropriate where a motion to dismiss for failure to state a claim was pending); *Moore v. Potter,* 141 Fed. Appx. 803, 807-08 (11th Cir.

2005(unpublished opinion)(finding no error in the District Court's order staying discovery pending resolution of a motion to dismiss for failure to state a claim for relief).

A stay of discovery until the Court rules on the pending motions to dismiss will not prejudice the Plaintiff. In the event some or all the claims proceed the Court will issue a scheduling order that will afford Plaintiff with a full and fair opportunity to conduct necessary discovery. On the other hand, in the event none of the claims survive the motions to dismiss staying discovery will conserve judicial resources and will protect the parties from engaging in the burdens of unnecessary discovery.

Accordingly, upon due consideration, it is **ORDERED** that:

1.  Defendant Pamela Diaz's Motion to Stay Discovery Pending Resolution of Dispositive Motion to Dismiss, ECF No. 37, is **GRANTED**.

2.  All discovery is temporarily stayed pending resolution of the pending motions to dismiss. After the Court rules on the pending motions to dismiss, the Court, if necessary, will lift the stay and issue a scheduling order directing the parties to conduct a Rule 26(f) conference and submit a discovery plan to the Court.

**DONE AND ORDERED** this 8th day of February 2022.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge